Mr. Chris Burrow, Director Arkansas State Building Services 1515 West 7th Street Little Rock, AR 72201
Dear Mr. Burrow:
This is in response to your request for an opinion concerning the application of the Arkansas Freedom of Information Act ("FOIA") which is codified at A.C.A. 25-19-101 et seq. Specifically, you have asked how the FOIA applies to the release of personnel files on three terminated employees, and what "procedures to follow" under the FOIA. The files have been requested by the Arkansas Gazette.
The FOIA provides at A.C.A. 25-19-105(a) (Suppl 1989) as follows:
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
Several exceptions are listed in the act. The relevant ones for our purposes are found at 25-19-105(b)(10) and (c)(1), (Supp. 1989), which exempt the following:
 (b)(10) Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy.
 (c)(1) However, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
As can be seen from the statute above, "personnel records" are exempt to the extent the information contained therein would constitute a "clearly unwarranted invasion of personal privacy". (For a discussion of the types of things which might constitute such an invasion, see Opinion No. 87-115, a copy of which is enclosed.)
Also evident from the statute above is the fact that "employee evaluation or job performance records" are open for public inspection only upon a final administrative resolution of any suspension or termination at which the records formed a basis for the decision to suspend or terminate, and if there is a compelling public interest in disclosure.
Personnel records, and/or employees evaluation and job performance records, may be contained in the "personnel files" about which you inquire. The tests set out above are the relevant ones to apply in making the determination of whether these documents are subject to the FOIA.
Because you note that the employees have been terminated, it appears that the "administrative resolution" of the matter is final, unless they are accorded any further administrative remedies. See Opinion No. 90-292, a copy of which is enclosed. As to employee evaluation or job performance records, it must also be determined whether the records formed the basis for the decision to terminate and whether there is a compelling public interest in disclosure.
Without the specific personnel files before us, we cannot make a determination as to these matters. We should note that in any event, these are determinations for the custodian of the records to undertake. We will note, however, that the intent of the FOIA is clear: the balance is to tip in favor of public disclosure. Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.